
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARVIN EFRAIN LOPEZ-VASQUEZ, AKA Marvin Efrain Lopez, | No. 15-73219 |
| Petitioner, | Agency No. A205-024-634 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Marvin Efrain Lopez-Vasquez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing

Lopez's appeal from an immigration judge's ("IJ") decision denying Lopez's

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where the BIA adopts the IJ's decision and also provides its own review of the evidence and the law, we review both the IJ and the BIA's decisions. *See Ali v. Holder*, 637 F.3d 1025, 1028-29 (9th Cir. 2011). We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

The agency did not err in finding that Lopez has not established membership in a cognizable social group. Lopez has not established that Guatemalans who resist gang recruitment would be perceived by society or criminal gangs as a particular social group. *See Santos-Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009) (men in Guatemala resisting gang violence is not a particular social group), *abrogated in part by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013). Lopez also has not established that Guatemalans who have resided in the United States would be perceived by society or criminal gangs as a particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th

Cir. 2016) (explaining cognizability standard) (citing *Matter of M-E-G-V-*, 26 I & N Dec. 227, 237 (BIA 2014)).  Lopez otherwise failed to establish that he would be persecuted on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, Lopez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Lopez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).  Lopez's record evidence that police in Guatemala lack logistical supplies, training, and personnel does not amount to government acquiescence to torture.

**PETITION FOR REVIEW DENIED.**